IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES <br> v. <br> ROUK SHWAISH, <br> Defendant. | ) <br> ) <br> ) 2:18-cr-338-NR-1 <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

### J. Nicholas Ranjan, United States District Judge

Defendant Rouk Shwaish pled guilty to conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana, *i.e.*, Count I of the Indictment, and now awaits sentencing. ECF 58. This offense carries a statutory mandatory minimum sentence of five years of imprisonment. Mr. Shwaish argues, however, that he is eligible for "safety-valve" relief, which would allow the Court to disregard the mandatory minimum sentence when sentencing Mr. Shwaish (as well as provide Mr. Shwaish a two-level reduction in his sentencing guidelines). *See* 18 U.S.C. § 3553(f); U.S.S.G. 2D1.1(b)(18); U.S.S.G. § 5C1.2(a).

Mr. Shwaish must meet five criteria to be eligible for safety-valve relief. *Id.* The parties disagree on whether Mr. Shwaish meets the second criterion: whether Mr. Shwaish "did not . . . possess a firearm . . . in connection with the offense."[1] *See* 18 U.S.C. § 3553(f)(2); U.S.S.G. § 5C1.2(a)(2).

Mr. Shwaish bears the burden to show, by a preponderance of the evidence, that he is eligible for safety-valve relief. *See United States v. Acosta*, 283 F. App'x 899, 905 (3d Cir. 2008) ("The defendant bears the burden to meet each of five criteria to receive the benefit of the safety valve provision." (citation omitted)); *United States*

---

[1] The parties do not appear to dispute, at least at this time, that Mr. Shwaish meets the other criteria. Thus, the Court's analysis is cabined to whether Mr. Shwaish can satisfy the second criterion. If any disputes as to the other criteria arise, the Court will consider them at sentencing.

*v. Sabir*, 117 F.3d 750, 754 (3d Cir. 1997). In assessing the defendant's showing regarding the second criterion, the Court takes a broad view of the relevant offense conduct—that is, if a firearm is used as part of conduct that is not charged but is connected or related to the charged offense, then a defendant cannot meet his burden. *See United States v. Gonzales*, 513 F. App'x 141, 143 (3d Cir. 2013) ("To be eligible for safety-valve relief, a defendant must show, *inter alia*, that he 'did not ... possess a firearm or other dangerous weapon ... in connection with the offense.' The Sentencing Guidelines define 'offense' broadly to include the 'offense of the conviction and all relevant conduct.' U.S.S.G. § 5C1.2 cmt. n. 3. 'Relevant conduct' includes 'all acts and omissions ... that were part of the same course of conduct or common scheme or plan as the offense of the conviction.' *Id.* § 1B1.3(a)(1)(A), (a)(2). The commentary to the Guidelines further define 'same course of conduct' as events or activities that are 'significantly connected or related to each other so as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses.' *Id.* § 1B1.3 cmt. n. 9(B). This conduct need not be the subject of a formal charge or an element of the offense of conviction, nor must it occur contemporaneously with the offense conduct." (cleaned up)).

The government asserts that Mr. Shwaish cannot meet his burden. Specifically, the government argues that law enforcement seized two handguns from Mr. Shwaish's two residences, where drugs and cash were also located,[2] which allows

---

[2] One firearm was found in Mr. Shwaish's primary residence in the south side of Pittsburgh, where he was in the process of moving. ECF 76, p. 13:10-14; ECF 73, ¶ 2; ECF 64, ¶ 15. This firearm was loaded, and was located on Mr. Shwaish's bedroom nightstand. *Id.* Also within the bedroom were marijuana and $100,000 in cash. ECF 64, ¶ 15. The second firearm, which was not loaded, was found in the kitchen of Mr. Shwaish's prior residence in the Shadyside neighborhood of Pittsburgh. ECF 64, ¶ 16; ECF 76, p. 13:15-18, p. 19:9-18, p. 20:6-16. While the firearm was in the kitchen, marijuana was seized in the basement. ECF 64, ¶ 16.

the Court to infer that Mr. Shwaish possessed these firearms in connection with the offense.

After carefully considering the parties' arguments in their position statements, as well as the testimony and argument presented at the evidentiary hearing on this issue (ECF 74), the Court finds that Mr. Shwaish has met his burden to satisfy the second criterion for safety-valve eligibility, for the following three reasons.

First, while Mr. Shwaish bears the burden of proof on this issue, his burden of proof is relatively low—he need only prove by a preponderance of the evidence that he did not possess a firearm in connection with the offense. This is sometimes an awkward burden to meet, as it essentially requires the defendant to prove a negative; but it is certainly not an insurmountable burden. The Court concludes that the burden can be met where, as here, there is no direct evidence that the firearm was used in connection with the offense, and the defendant can present a credible explanation that his sole use of the firearm was separate and apart from the offense conduct. As discussed below, Mr. Shwaish has provided such credible evidence.

Second, the Court's conclusion is based almost entirely on the credibility of the witnesses who testified at the evidentiary hearing. ECF 74. That is, the Court fully credits Mr. Shwaish's and Mr. Lieber's testimony. The testimony established that Mr. Shwaish lawfully purchased the firearms, several years before the offense conduct at issue here occurred (*see* ECF 76, p. 10:9-24, p. 20:6-14); Mr. Shwaish acquired the firearms for self-defense, and to use at a local shooting range as a hobby (*id.* at p. 11:6-21, pp. 22:20-23:15);[3] Mr. Shwaish had a permit to carry the firearms

---

[3] The Court further finds that the presence of the loaded firearm near a bedroom nightstand, in a residence located in a city neighborhood, is consistent with how one might store a weapon intended for self-defense. *See* ECF 76, p. 11:19-21.

(*id.* at p. 12:6-7); and Mr. Shwaish has no prior criminal record regarding the illegal use of firearms (or any criminal record, for that matter) (ECF 64, ¶ 35).

The Court also finds relevant that when Mr. Shwaish was arrested for his offense, he was in the process of selling a large quantify of drugs as part of a "controlled buy." ECF 76, p. 12:10-18; *id.* at pp. 7:23-8:7; ECF 64, ¶ 14. Yet, despite carrying a large quantity of drugs to execute a drug deal, and despite having a permit to carry the firearms, Mr. Shwaish did not bring a firearm with him to the drug deal. ECF 76, pp. 11:25-12:15; ECF 64, ¶¶ 13-14; ECF 73, ¶ 1. The Court finds that this evidence is probative to show that Mr. Shwaish did not possess or use his firearms as tools to be used in trafficking drugs, and makes his testimony overall more credible.

Third, the Court acknowledges the government's argument that because the firearms were in Mr. Shwaish's personal residence and in proximity to his marijuana and cash, the Court may infer that the firearms were possessed in connection with the offense. *See, e.g.*, *Gonzalez*, 513 F. App'x at 144, n.1; *United States v. Rodriguez-Ruiz*, No. 04-1697, 2005 WL 3440343, at *5 (6th Cir. Dec. 14, 2005). But such proximity does not ***require*** a finding that the firearm was used or possessed in connection with the offense. Here, Mr. Shwaish has not only presented a credible explanation for his lawful possession and use of the firearms, his arrest (as referenced above) provides a concrete example that he did not possess or use the firearms in connection with the offense conduct. Again, while it is perhaps impossible to absolutely prove a negative, Mr. Shwaish need only meet a preponderance-of-the-evidence standard. He has done so.

For these reasons, the Court finds that Mr. Shwaish has satisfied his burden of proof regarding the second criterion for safety-valve relief.[4] An appropriate order follows.

DATE: March 18, 2021                              BY THE COURT:

                                                  /s/ *J. Nicholas Ranjan*
                                                  United States District Judge

---

[4] This conclusion does not affect the separate, two-point sentencing enhancement under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm. The government bears the burden on this enhancement, which generally applies when the defendant possesses a firearm "unless it is clearly improbable that the weapon was connected with the offense." *Id.* at n.11(A). The safety-valve's standard is different and tends to be easier to meet than this enhancement's "clearly-improbable" standard. *See, e.g., United States v. Carillo-Ayala*, 713 F.3d 82, 90 (11th Cir. 2013) ("While the proof may not show it is *clearly improbable* that a defendant possessed a firearm in connection with the offense, it may show that it is more than likely he did not.").